IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIZABETH J. PAWLAK,           :

    Plaintiff            :

vs.                            :    Civil Action No. JFM-02-3404

FREDERIC N. SMALKIN, et al.,   :

    Defendants           :

### MEMORANDUM AND ORDER

This action was filed on October 18, 2002 by Elizabeth J. Pawlak, *pro se*. Ms. Pawlak challenges this Court's refusal to admit her to its bar and her exclusion from a Bench Bar Conference[1] held in this District on October 18, 2002.

According to Ms. Pawlak, she completed law school in 1992. She is not, however, a member of the bar of any state or the District of Columbia. Ms. Pawlak took the Pennsylvania bar exam in 1994 but was not admitted. Ms. Pawlak challenged both Pennsylvania's failure to admit her to its bar and its refusal to allow her to sit for the bar exam again in the United States District Court for the Eastern District of Pennsylvania. Relief was denied. *Pawlak v. Pennsylvania Board of Law Examiners*, 1995 WL 517646 (E.D. Pa. Aug. 30, 1995); *Pawlak v. Nix*, 1996 WL 560360 (E.D. Pa. Sept. 30, 1996). Ms. Pawlak also has been denied admission to the bar of the United States District Court for the Eastern District of Pennsylvania based upon the fact that she is not a member of the bar of any state. *In re Pawlak*, 1995 WL 723177 (E.D. Pa.

---

[1] Every two years the United States District Court for the District of Maryland and the Maryland Chapter of the Federal Bar Association sponsor a conference for attorneys and judges to discuss issues of interest to the bench and bar. The 2002 Conference also was sponsored by the Maryland State Bar Association.



Dec. 1, 1995).

      Local Rule 701.1.a (D. Md.) provides in part:

> Except as provided in subsection (c) of this rule, an attorney is qualified for admission to the bar of this District if the attorney is a member in good standing of the highest court of any State (or the District of Columbia) in which the attorney maintains his or her principal law office, or of the Court of Appeals of Maryland, . . .

Ms. Pawlak is not eligible for admission to the bar of this Court because she is not a member of the bar of any state or the District of Columbia. The requirement that a person be a member of a state bar in order to be eligible to be a member of the bar of a federal court is a reasonable exercise of a federal court's authority to regulate membership in its bar. *In re Pawlak*, 1995 WL 723177 at 1-3.

      To the extent that Ms. Pawlak is attempting to relitigate her claims that she was improperly denied admission to the Pennsylvania bar, such claims appear barred by the doctrine of *collateral estoppel* in light of her litigation of these claims in the Eastern District of Pennsylvania.

      Finally, to the extent that Ms. Pawlak challenges her exclusion from the Bench Bar Conference, her claims appear to fail because they are based on her assertion that she is entitled to membership in the bar of this court.

      While Ms. Pawlak has paid the filing fee for this action, it appears she has failed to state a claim upon which relief can be granted.

      Accordingly, it is, this ___ day of February 2003, hereby **ORDERED** that:

      1.    Plaintiff is directed to show cause, within twenty (20) days from the date of this Order, why this action should not be dismissed;

    2.    The Clerk is directed to withhold issuance of summonses until directed to issue them by the undersigned; and

    3.    The Clerk is directed to mail a copy of this Order to Plaintiff.

_____
J. Frederick Motz
United States District Judge